# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXPLOROLOGIST LIMITED, | ) | Civil Action No. 2:07-cv-01848-LP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | The Honorable |
| v. | ) | Louis H. Pollak |
| | ) | |
| BRIAN SAPIENT aka BRIAN J. CUTLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## BRIEF IN SUPPORT OF
## REQUEST FOR JUDICIAL NOTICE
## IN SUPPORT OF DEFENDANT BRIAN SAPIENT'S
## MOTION TO DISMISS

Pursuant to Federal Rule of Evidence 201 and the authorities cited below,

Defendant Brian Sapient ("Sapient") hereby requests that this Court take judicial notice

of the following facts and materials:

- The YouTube video "James Randi exposes Uri Geller and Peter Popoff,"

   ("NOVA Segment") available at

   http://www.youtube.com/watch?v=M9w7jHYriFo (last visited June 5, 2007)

   and referenced in Paragraph 10 of the Amended Complaint, which contains at

   :50-:58 a recording of an unnamed person introducing Uri Geller at a public

   event;

- The videotape of the NOVA program "Secrets of the Psychics," attached

   hereto as Exhibit A ("NOVA Documentary"), which contains, at 4:25-18:15,

   footage identical to the YouTube video "James Randi exposes Uri Geller and

   Peter Popoff," ("NOVA Segment") available at

1

Dockets.Justia.com

http://www.youtube.com/watch?v=M9w7jHYriFo (last visited June 5, 2007)

and referenced in Paragraph 10 of the Amended Complaint ;

- The Public Broadcasting Service ("PBS") webpage "Secrets of the Psychics:

  Program Overview,"

  http://www.pbs.org/wgbh/nova/teachers/programs/2012_psychics.html (last

  visited June 5, 2007), attached hereto as Exhibit B;

- The United States Copyright Office Registered Works Database record for

  "Secrets of the Psychics," attached hereto as Exhibit C.

This request is made in connection with Sapient's motion to dismiss the Plaintiff

Explorologist Limited's Complaint against him.

A district court considering a motion to dismiss may take judicial notice of any

facts that are "not subject to reasonable dispute in that [they are] either (1) generally

known within the territorial jurisdiction of the trial court or (2) capable of accurate and

ready determination by resort to sources whose accuracy cannot reasonably be

questioned." Fed. R. Evid. 201(b); *see also In re Merck & Co. Sec. Litig.*, 432 F.3d 261,

264 n.3 (3rd Cir. 2005) ("We can take judicial notice of Merck's stock prices even on a

motion to dismiss because these facts are 'not subject to reasonable dispute [and are]

capable of accurate and ready determination by resort to a source whose accuracy cannot

be reasonably questioned.'") (quoting *Ieradi v. Mylan Lab. Inc.*, 230 F.3d 594, 600 n.3

(3rd Cir. 2000)).  *See also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir.

1991) (court considering a motion to dismiss for failure to state a claim under Fed. R.

Civ. P. 12(b)(6), may "consider matters of which judicial notice may be taken under Fed.

R. Evid. 201.").   Furthermore, the Federal Rules of Evidence require a court to take

judicial notice of a matter "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d); *see also In re Ravisent Technologies, Inc. Sec. Litig.*, No. 00-CV-1014, 2004 U.S. Dist. LEXIS 13255, at *2 (E.D. Pa. July 12, 2004).

> **A.    The Court Should Take Judicial Notice of the Fact That the NOVA Segment is an Excerpt of the NOVA Documentary Because This Fact Is Not Subject to Reasonable Dispute and is Capable of Accurate and Ready Determination.**

The fact that the NOVA Segment actually originates with the NOVA Documentary is a matter of which this Court should take judicial notice. As an initial matter, the Third Circuit has affirmed that it is appropriate for a court to take judicial notice of "document[s] integral to or explicitly relied upon in the complaint" when considering a motion to dismiss. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3rd Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3rd Cir. 1997)). Because Plaintiff's copyright infringement and tort claims are based upon the NOVA Segment, the Court may take into consideration the content of the NOVA Segment when deciding Sapient's motion to dismiss.

In addition, this Court may take judicial notice of the fact that the video clip upon which Plaintiff's claims rely is an excerpt of a larger work, as the Court has held under similar circumstances. In *Karl v. Donaldson, Lufkin & Jenrette Sec. Corp.*, employees of the defendant investment firm created a seven-and-a-half minute video intending to satirize the plaintiff, who was an officer of a health services company that had recently merged with one of the defendant's clients. 78 F. Supp. 2d 393, 395 (E.D. Pa. 1999). The video, which was shown at a dinner held in connection with the merger, included a narrative statement about the plaintiff's "severance package" spoken over footage from a film depicting a bank robbery. *Id.* The plaintiff claimed (ultimately unsuccessfully) that

the video was defamatory. *Id.* The plaintiff did not provide the court with the videotape as an exhibit to the complaint, so the defendant filed a copy of it as an exhibit with the defendant's motion to dismiss.[1] *Id.* At the Court's direction, the parties stipulated to the origin of most of the material in the video, which included 59 clips from various movies and TV shows, but did not now know the source of the last clip. *Id.* at 398-399. This Court took judicial notice, *sua sponte,* that the final clip of the video came was an excerpt of the film Apollo 13. *Id.* at 398 n.16.

In this case, the fact that both the NOVA Segment and the NOVA Documentary contain identical footage is, as was the case in *Karl*, not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably disputed—here, the YouTube website and the professionally produced NOVA video. Fed. R. Evid. 201(b)(2). Thus, it is appropriate for this Court to take judicial notice of the fact that the NOVA Segment is an excerpt of the NOVA Documentary. These materials are being offered solely to show that the video clip posted to the YouTube website by Sapient is an excerpt of the NOVA Documentary, and thus was originally authored and developed by a third party. This evidence supports Defendant's argument that several of Plaintiff's claims are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

    **B.**    **The PBS Webpage About the NOVA Program "Secrets of the Psychics" Is Subject to Judicial Notice Because Its Contents are Capable of Accurate and Ready Determination by Resort to a Source Whose Accuracy Cannot Be Reasonably Disputed.**

The PBS webpage "Secrets of the Psychics: Program Overview" is also a proper

---

[1] The plaintiff questioned the tape's authenticity, however, so the court allowed limited discovery on that issue, and in doing so converted the motion to dismiss to a motion for summary judgment. *Id.*

item for judicial notice pursuant to Fed. R. Evid. 201(b).  This Court regularly takes

judicial notice of websites and their contents when they are not subject to reasonable

dispute.  *See, e.g., In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 755

(E.D. Pa. 2003) (taking judicial notice of drug approval information on the Federal Drug

Administration website); *McLaughlin v. Volkswagen of Am., Inc.*, 2000 U.S. Dist. LEXIS

17505, at *1 (E.D. Pa. 2000) (taking judicial notice of a description of a vehicle recall on

the National Highway Traffic Safety Administration's website); *Richards v. Cable News

Network, Inc.*, 15 F. Supp. 2d 683, 691 (E.D. Pa. 1998) (taking judicial notice of three

websites relevant to a trademark infringement claim).  *See also United States ex rel.

Cooper v. Gentiva Health Servs.*, No. 01-508, 2003 U.S. Dist. LEXIS 20690, at *10 n.3

(W.D. Pa. Nov. 4, 2003) (taking judicial notice of supplier enrollment application

instructions found on website of defendant health services company); *Hendrickson v.

Ebay, Inc.*, 165 F. Supp. 2d 1082, 1084 (C.D. Cal. 2001) ("the Court takes judicial notice

of www.eBay.com and the information contained therein pursuant to Federal Rule of

Evidence 201.").

   Likewise, it is appropriate for the Court to take judicial notice of the PBS

webpage "Secrets of the Psychics: Program Overview." The validity of Exhibit B is

easily verified by referring to the webpage's URLs, and is not subject to reasonable

dispute. These exhibits indicate that NOVA created "Secrets of the Psychics."

Furthermore, the webpage makes clear that a central purpose of the program is to critique

Uri Geller's purported supernatural powers.  Such evidence supports Defendant's

argument that some of Plaintiff's claims are barred by Section 230 of the

Communications Decency Act and that Plaintiff does not have a valid claim of copyright

infringement against Sapient.

    C.    **The United States Copyright Office's Record on "Secrets of the Psychics" Is a Matter of Public Record, and Therefore an Appropriate Subject for Judicial Notice.**

The U.S. Copyright Office's record on the NOVA program "Secrets of the Psychics" may also receive judicial notice under Fed. R. Evid. 201. It is well established that a court may take judicial notice of matters of public record. *Pension Benefit Guar. Corp.*, 998 F.2d at 1197; *Berg v. United Steelworkers of Am., Local 3733*, No. 98-308, 1998 U.S. Dist. LEXIS 4518, at *19-*20 (E.D. Pa. April 8, 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 1357 (1990) ("matters of public record . . . may also be taken into account")); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (E.D. Pa. 1994). *See also Branum v. United Parcel Service, Inc.*, No. 04-1686, 2005 U.S. Dist. LEXIS 35892 at * 4 n.1 (W.D. Pa. Dec. 23, 2005) (taking judicial notice of Equal Employment Opportunity Commission documents in a lawsuit alleging a violation of the American Disabilities Act of 1990); *Recklitis v. C.I.R.*, 91 T.C. 874, 911 (U.S. Tax Ct. 1988) (taking judicial notice of federal tax forms and instructions published by the Government Printing Office); *Modesto Irrigation Dist. v. Pac. Gas & Elec. Co.*, 61 F. Supp. 2d 1058, 1066-67 (N.D. Cal. 1999), *rev'd on other grounds*, 54 Fed. Appx. 882, 883 (9th Cir. 2002) (taking judicial notice of filings made with the Federal Energy Regulatory Commission available on the Internet). Under this rationale, the Third Circuit has taken judicial notice of records available on the website of the U.S. Patent and Trademark Office. *KOS Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 705 (3rd Cir. 2004).

Accordingly, the Court may take judicial notice of the U.S. Copyright Office's

record on the NOVA program "Secrets of the Psychics," attached hereto as Exhibit C.

This publicly available administrative record is offered to support Defendant's argument

that some of Plaintiff's claims are barred by Section 230 of the Communications Decency

Act and that Plaintiff does not have a valid claim of copyright infringement against

Sapient. The accuracy of this record may be easily verified by resort to the U.S.

Copyright Office's searchable records database, which is available at

http://www.copyright.gov/records/cohm.html. *See KOS Pharms., Inc.*, 369 F.3d at 705; *In

re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d at 755 ("The fact that an agency

report is 'published' on the world wide web does not affect the Court's ability to take

judicial notice of the contents of that report."); *see also In re Agribiotech Sec. Litig.*, No.

CV-S-990144 PMP (LRL), 2000 U.S. Dist. LEXIS 5643, at *4-*5 (D. Nev. 2000) ("In

this new technological age, official government or company documents may be judicially

noticed insofar as they are available via the worldwide web.").

     For the foregoing reasons, the Court may properly consider the aforementioned

facts and materials as it reviews Sapient's motion to dismiss.

     Respectfully submitted,

Chad Cooper (Pa. I.D. No. 90067)
Samuel W. Silver (Pa. I.D. No. 56596)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
(215) 751-2269; (215) 751-2309

*Attorneys for Defendant,
Brian Sapient*

Dated: June 11, 2007